**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. WMN-93-0366 |
| NICHOLAS JAMES QUEEN, SR. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Since his conviction and sentencing in 1994, Defendant Queen has filed over a dozen pleadings challenging the conviction and sentence in this Court.[1] These challenges were rejected, initially on their merits, more recently as successive

---

[1] See Queen v. United States of America, WMN-11-941 (D. Md. 2011); United States v. Queen, WMN-09-3399 (D. Md. 2010); Queen v. United States of America, WMN-09-054 (D. Md. 2009); Queen v. United States, WMN-08-702 (D. Md. 2008); Queen v. United States, WMN-07-3302 (D. Md.2007); Queen v. United States, AMD-05-3061 (D. Md. 2005); Queen v. United States, WMN-05-2942 (D. Md. 2005); Queen v. United States, WMN-05-1316 (D. Md. 2005); Queen v. United States of America, WMN-05-1149 (D. Md. 2005); Queen v. United States of America, Civil Action No. WMN-04-1475 (D. Md. 2004); Queen v. United States of America, Civil Action No. AW-04-1472 (D. Md. 2004); Queen v. United States of America, HNM-00-1841 (D. Md. 2000); Queen v. United States of America, HNM-97-1184 (D. Md. 1997); and United States of America v. Queen, Criminal No. WMN-96-0366 (D. Md. 1996).

The Court also notes that Mr. Queen has filed numerous petitions in various other district courts, depending on the location of his incarceration at the time of writing, challenging his detention. See, e.g., Queen v. Rios, No. CV09-1224, 2011 U.S. Dist. LEXIS 14359 (E.D. Cal. Feb. 4, 2011); Queen v. Outlaw, No. 07cv21, 2007 U.S. Dist. LEXIS 76148 (E.D. Tex. Sept. 28, 2007); Queen v. Romine, Civ. No. 98-2074, 2000 U.S. Dist. LEXIS 22843 (M.D. Pa. Jan. 21, 2000).

petitions.  The Court has recently received several additional filings from Defendant Queen, each of which it will address in turn.

The Court will first turn to "Defendant's Request for More Definite Statement of the Court's July 12, 2011 Order," ECF No. 232, which was received by this Court on July 20, 2011.  In this pleading Defendant requests clarification of the Court's decision to dismiss two prior pleadings, ECF Nos. 229 and 230, as successive.  Defendant argues that these two motions merely requested a waiver under Federal Rule of Criminal Procedure 12(e) and did not seek relief of his conviction or sentence, so should not have been viewed as successive motions filed under 28 U.S.C. § 2255.  The Court dismissed these motions, however, because though on their face the motions appear to simply request a Rule 12(e) waiver, the waiver in both motions was requested so that Defendant could collaterally challenge his conviction and sentence.  See ECF No. 229 (requesting waiver to argue that Court lacked subject matter jurisdiction to adjudicate the criminal action) and ECF No. 230 (requesting waiver to argue that government lacked territorial jurisdiction under the Constitution to regulate Defendant's conduct within the state of Maryland).  As explained in the July 12, 2011, Order, "[r]egardless of the label used by Petitioner, the subject matter of the motion, and not its title, determines its

status." ECF No. 231 (citing Calderon v. Thompson, 523 U.S. 538, 554 (1998)). For these reasons the Court determined that ECF Nos. 229 and 230 were successive motions.

Defendant next filed a "Motion for the Court to Grant Relief of Waiver Pursuant to Federal Rule of Criminal Procedure 12(e)," ECF No. 233, which was also received on July 20, 2011. In this motion Defendant again seeks a Rule 12(e) waiver, this time so that he may attack his conviction and sentence on the basis that he was convicted and sentenced for both "greater and lesser included offenses of armed bank robbery and bank robbery." ECF No. 233 at 3-4. Like the motions discussed supra, this motion is clearly an attempt to attack Defendant's conviction and sentence. As such, the Court must construe it as a successive motion that may not be filed absent leave to do so from a federal appellate court. See 28 U.S.C. §§ 2244(b)(3)(A) and 2255; In re Avery W. Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Since Petitioner has not obtained prior authorization from the United States Court of Appeals for the Fourth Circuit to bring this successive 28 U.S.C. § 2255 action, the motion must be dismissed for lack of jurisdiction. See Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000).

Similarly, Defendant also filed a "Motion Pursuant to 60(b) for Relief of Judgment," ECF No. 236, which was received on November 14, 2011. In this motion Defendant argues that the

3

Court's "October 7, 1994, judgment may or may not be inadvertent because the judgment may have untimely committed the defendant to federal prison." ECF No. 236 at 7. The October 7, 1994, judgment to which Defendant refers is the criminal judgment in which he was convicted after a jury trial and in which Judge Maletz imposed Defendant's sentence. In a footnote, Defendant states that this motion does not seek relief from federal incarceration, but merely seeks the Court's determination "whether the October 7, 1994, judgment is inadvertent and relief from that judgment." Id. at n.1. Though Defendant seeks to frame his motion as an inquiry, it is clear that the true purpose is to collaterally attack his conviction and sentence based on the perceived discrepancy between his state and federal custody.

Where a defendant who has previously filed a § 2255 motion attempts to raise a new claim for relief in a Rule 60(b) motion, it must be treated as a successive motion and dismissed. See Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998). As stated supra, regardless of the label used in this pleading, it is the subject matter of the motion and not its title which determines its status. See, e.g., Calderon, 523 U.S. at 554; Buchanan v. Gilmore, 139 F.3d 982, 983-84 (4th Cir. 1998). Defendant cannot use Rule 60(b) to circumvent restraints on successive petitions.

See Felker v. Turpin, 101 F. 3d 657, 661 (11th Cir. 1996). Therefore, this motion too will be dismissed as successive.

The final pleading that the Court will address is a "Letter Motion for Clarification of Custody," ECF No. 234, received on October 25, 2011. In his letter, Defendant requests that the Court inform the Assistant Warden at FCI-Bennettsville that Defendant's custody is unauthorized. This request is based on Defendant's interpretation of correspondence that he states the Court sent to Armond Booth at USP-Lewisburg on June 1, 1998, advising that Defendant's federal sentence should run concurrent to the State sentence, "meaning federal prison officials were not granted custody of me in my case." ECF No. 234 at 2. Defendant misconstrues the June 1, 1998 correspondence. A direction that the state and federal sentence be served concurrently does not impact which jurisdiction retains custody. Rather, it affects the length of time the Defendant will ultimately serve. Furthermore, the U.S. District Court for the Middle District of Pennsylvania has already rendered a decision on the legality of Defendant's detention, after a challenge by Defendant based on his movement between state and federal custody. See Queen v. Romine, 2000 U.S. Dist. LEXIS 22843; see also Queen v. Rios, 2011 U.S. Dist. LEXIS 14359 at *10.[2]

---

[2] For additional explanation, the Court refers Defendant to the January 21, 2000, decision from the U.S. District Court for the

For the reasons stated above, Defendant's motions will be DENIED. A separate Order consistent with this memorandum will follow.

                                          _____/s/_____
                                          William M. Nickerson
                                          Senior United States District Judge

Dated: March 29, 2012

---

Middle District of Pennsylvania, in which Judge Conaboy carefully laid out the circumstances of Defendant's state and federal incarceration and the correspondence between the jurisdictions regarding which sentence was to be served at what time. See Queen v. Romine, 2000 U.S. Dist. LEXIS 22843. Judge Conaboy clearly stated that pursuant to this Court's statement that it intended Defendant's federal sentence to run concurrent to the state sentence and the subsequent "nunc pro tunc" designation given to the Maryland Department of Corrections for service of the federal sentence, "[Defendant] received continuous credit towards service of his federal sentence from the date the federal sentence was imposed, September 30, 1994. Additionally, [Defendant] has received credit toward service of his federal sentence for all time spent in pre-trial detention on the state charges, June 4, 1993, through September 19, 1993." Id. at *8.